# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Mee O. Sanders,   Case No. 3:17-cv-02268

    Plaintiff

v.   MEMORANDUM OPINION & ORDER

FCA US, LLC., et al.,

    Defendants

On August 15, 2018, Plaintiff Mee Sanders filed an Emergency Notice of Bankruptcy and Motion for Automatic Stay of Litigation. (Doc. No. 36). Sanders' attorneys in this case indicate they had recently learned Sanders filed for Chapter 7 bankruptcy protection, and asked me to stay this litigation in light of the bankruptcy filing and the automatic stay provision in § 362 of the United States Bankruptcy Code. (Doc. No. 36 at 1). Sanders indicated the request for a stay was an emergency because the parties had depositions scheduled in the days immediately following his filing. Counsel for the Defendants informally indicated, both to me and to Sanders' attorneys, that while they did not oppose a short-term stay, they did not agree an indefinite stay was appropriate. None of the Defendants have filed a brief in response to Sanders' motion.

While I understand counsel believed they needed to act quickly to protect Sanders' rights and to avoid any conflict with the bankruptcy court's jurisdiction, this litigation is not subject to the automatic stay provision. When a debtor files a bankruptcy petition, Section 362(a) imposes a stay on, among other things, the continuation of judicial proceedings against the debtor which had

commenced prior to the bankruptcy filing.  11 U.S.C. § 362(a).  Though any potential judgment Sanders might receive as a result of this litigation may be subject to the bankruptcy court's jurisdiction, the bankruptcy code does not impose a stay on the continuation of litigation commenced by the debtor, only against the debtor.  *See, e.g., In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011).  A debtor may continue to pursue the debtor's claims against a defendant because that litigation does not create an opening for one creditor to attempt to jump in front of other creditors before the bankruptcy court is able to review and resolve the claims of all of the creditors.  *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

Sanders' motion for a stay, (Doc. No. 36), therefore is denied.  The parties shall discuss the discovery that remains to be conducted and shall file a joint status report, no later than seven days following the date of this Opinion, proposing a revised discovery deadline and briefing schedule for dispositive motions.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge